# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| ENRICO JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV616-075 |
| | ) | CR608-012 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Enrico Jackson moves under 28 U.S.C. § 2255 to vacate and correct his guilty-plea-based sentence for, *inter alia*, conspiracy to use, carry, and brandish firearms during a crime of violence. Doc. 562; *see also* doc. 563 (his supporting brief).[1] The Court preliminarily reviews it under Rule 4 of the Rules Governing Section 2255 Proceedings.

His plea agreement, accepted by this Court, waived his right to direct appeal and collateral review for any reason beyond two grounds not applicable here. Doc. 256. Unsurprisingly, Jackson took no appeal from the April 23, 2009 judgment against him. Doc. 260. That judgment imposed a sentence enhanced by two prior felonies -- possession with

---

[1] All citations are to the CR608-012 criminal docket unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

intent to distribute marijuana (PWID) and felony obstruction of a police officer -- as threaded through U.S.S.G. § 4B1.1. Doc. 260; Presentence Investigation Report (PSR) at 11 (citing those two prior offenses and concluding that, per U.S.S.G. § 4B1.1, Jackson "is a career offender").[1]

Jackson's § 2255 motion is thus time-barred by 28 U.S.C. § 2255(f) (he had one year from his conviction's finalization[2] to file for § 2255 relief) unless he can exploit a § 2255(f) exception.[3] Invoking § 2255(f)(3),

---

[1] There is no sentencing transcript to confirm the two-felony enhancement, and the judgment does not expressly say so (this is a regrettable systemic flaw that probation offices, and then judges, can easily remedy via clarifying specifications). But Jackson says so, and that comports with the PSR's recommendation. For the purpose of this Report and Recommendation, the Court will accept Jackson's enhancement assertion as true.

[2] Because he never appealed, Jackson's April 23, 2009 conviction (doc. 260) became final ten days later, on May 3, 2009. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment, but at the time of Jackson's conviction, Rule 4(b)(1)(A) specified only 10 days; day ten was Sunday, May 3, 2009, so Jackson had until the next business day, May 4, 2009 to appeal. *See* Fed. R. Civ. P. 6(a)(1)(C)). He thus had until May 4, 2010 (one year later) to file his § 2255 motion. He signed it on June 15, 2016, doc. 562 at 12, over six years later.

[3] 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

    1. the date on which the judgment of conviction becomes final;

    2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

he argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), eliminates one of the predicate offenses (felony obstruction) for the U.S.S.C. § 4B1.1 enhancement, and thus that he no longer qualifies as a career offender. Doc. 563 at 4. He thus counts on *Johnson* retroactively applying to his case. *See* 28 U.S.C. § 2255(f)(3); *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

Jackson's effort fails on that score. The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that

---

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

3

"residual" clause so vague as to violate due process. *See* 135 S. Ct. at 2557.

The Sentencing Guidelines career offender enhancement's "crime of violence" definition includes the same vague residual clause that *Johnson* found unconstitutional. U.S.S.G. § 4B1.2(a)(2); *see also In re McCall*, ___ F.3d ___, 2016 WL 3382006 at * 1 (11th Cir. June 17, 2016) (concurrence noting that, "though no court of appeals has decided whether *Johnson* applies retroactively to either mandatory or advisory § 4B1.2(a)(2) sentences, at least eight have 'certified' 'a prima facie showing' that the Supreme Court "made [*Johnson*] retroactively applicable to [§ 4B1.2(a)(2)] cases on collateral review."). If (1) *Johnson*'s animating logic applies to the Guidelines, and (2) Jackson's felony obstruction conviction qualifies as a "crime of violence" under § 4B1.1's residual clause, his career offender enhancement is unconstitutional.

But -- and this is where Jackson's entire § 2255 premise fails -- *Johnson* does not apply to the Guidelines.

> By its terms, the decision of the Supreme Court in *Johnson* is limited to criminal statutes that define elements of a crime or fix punishments. . . . The Armed Career Criminal Act defines a crime

4

and fixes a sentence, see 18 U.S.C. § 924(e), but the advisory guidelines do neither.

The Sentencing Guidelines are merely "the starting point and the initial benchmark," *Gall v. United States*, 552 U.S. 38, 49, 128 S.Ct. 586, 596, 169 L.Ed.2d 445 (2007), designed to "assist . . . the sentencing judge" in determining a sentence, *United States v. Tichenor*, 683 F.3d 358, 364 (7th Cir. 2012) (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)). In the end, a sentencing judge "must make an individualized assessment based on the facts presented" and "may not presume that the Guidelines range is reasonable." *Gall*, 552 U.S. at 50, 128 S.Ct. at 596–97. "The sentencing judge's authority to exercise discretion distinguishes the Guidelines from criminal statutes in a significant and undeniable manner." *Tichenor*, 683 F.3d at 365.

The vagueness doctrine, which "rest[s] on [a] lack of notice," *Maynard v. Cartwright*, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988), does not apply to advisory guidelines. The Supreme Court has explained that "[a]ny expectation subject to due process protection . . . that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive [the] decision in *United States v. Booker*." *Irizarry v. United States*, 553 U.S. 708, 713, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008). Another circuit has already held that "[s]ince the Guidelines are merely advisory, defendants cannot rely on them to communicate the sentence that the district court will impose. Defendants' inability to look to the Guidelines for notice underscores why . . . they cannot bring vagueness challenges against the Guidelines." *Tichenor*, 683 F.3d at 365 (footnote omitted).

'Because there is no constitutional right to sentencing guidelines—or, more generally, to a less discretionary application of sentences than that permitted prior to the Guidelines—the limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.' *United States v. Wivell*, 893 F.2d 156, 160 (8th Cir. 1990).

5

*United States v. Matchett*, 802 F.3d 1185, 1194-95 (11th Cir. 2015); *In re: Marvin Griffin*, ___ F.3d ___, 2016 WL 3002293 at * 4 (11th Cir. May 25, 2016) (even mandatory sentencing guidelines cannot be unconstitutionally vague); *see also United States v. Edeker*, 2007 WL 2572316 at * 3 (N.D. Fla. Sept. 25, 2007) ("The two provisions further differ in that enhancement under § 4B1.1 requires only two prior convictions, while enhancement under the ACCA requires three. A defendant who is subject to an enhancement under § 924(e) is defined and sentenced as an armed career criminal under § 4B1.4 of the Sentencing Guidelines, which is separate from the provisions of § 4B1.1. Additionally, application note 1 to § 4B1.4 clearly states that the definition of the term "violent felony" is not the same in § 924(e) as it is in Guidelines § 4B1.1.").

Hence, Jackson cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his

conviction became final in 2009. His 2016-filed § 2255 motion is therefore time-barred.[4]

Jackson's § 2255 motion also fails on waiver grounds. In his plea agreement he waived his right to direct and collateral appeal:

> To the maximum extent permitted by federal law, [t]he defendant voluntarily and expressly waives the right to appeal the conviction and sentence *and* the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, *on any ground*, except that: the defendant may file a direct appeal of the sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of the sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

Doc. 256 at 8 (emphasis added).[5] In that regard,

---

[4] Jackson also fails to demonstrate (indeed, he never raises the issue) eligibility for equitable tolling of the limitations period. *See Lucas v. United States*, 522 F. App'x 556, 559 (11th Cir. 2013).

[5] While headed by a different Attorney General, the Department of Justice pared back enforcement of appeal waivers. *See Mingo v. United States*, 67 F. Supp. 3d 1370, 1371 (S.D. Ga. 2014) (the new "policy seems to be this: Where ineffective assistance claims could, in the judgment of the U.S. Attorney, reasonably have some basis, the government will not enforce the waiver. But where such claims lack even facial merit, it will.").

> Of course, the Court is not bound by the Justice Department's policy change. In quest of leniency, a defendant who plea bargains for reduced sentencing exposure is able to point to that plea as proof that he has accepted responsibility -- a point the sentencing judge may well consider in being

A sentence-appeal waiver is valid if the defendant made the waiver knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005). To establish that the waiver was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes it manifestly clear that the defendant otherwise understood the full significance of the waiver. *Id.*; *see also United States v. Bushert*, 997 F.2d 1343, 1350–51 (11th Cir.1993). When a valid sentence-appeal waiver is entered into knowingly and voluntarily and contains express language waiving the right to collateral review, it is enforceable and precludes the defendant from collateral attacking a sentence on the basis of ineffective assistance of counsel. *Williams*, 396 F.3d at 1342.

*Demello v. United* States, 969 F. App'x 969, 971-72 (11th Cir. 2015);

*Taylor v. United States*, 2016 WL 742118 at * 3 (S.D. Ga. Feb. 24, 2016).

Here there is no guilty-plea hearing transcript in the record, and no government response brief (again, this case is under initial Rule 4(b) review). Cases like this typically necessitate the generation of both the

---

lenient. It is in that sense that the judge absorbs and thus may be said to rely upon the plea bargain. And where that bargain (as was the case here) includes a double waiver, the judge can be influenced by that, too, since the defendant is sparing the taxpayers both direct appeal and collateral review expenses (a natural corollary to the spared-trial-expense component of the acceptance-of-responsibility factor in U.S. SENTENCING GUIDELINES MANUAL § 3E1.1(b)).

*Mingo*, 67 F. Supp. 3d at 1372 n. 3; *see also* PSR Sentencing Recommendation ("the probation officer has recommended a sentence near the middle of the applicable advisory guideline range as Jackson has agreed to a limited waiver of his appeal rights."); PRS Objections ("the defendant has no objections to the [PSR]."). Jackson raises *no* ineffective assistance claim.

transcript and a government response to determine whether the movant effectively waived his rights to direct and collateral review.

Yet, ordering that up here -- where Jackson advances no specific plea-invalidity facts (*e.g.*, that he was coerced or tricked into the plea), much less *any* ineffective assistance of counsel claim -- defeats the very bargain that the government secured: It gave him certain benefits in exchange for sparing the taxpayers that expense (government attorney time required to respond to his § 2255 motion, transcript expenses, etc.). To order a transcript and response, then, would gut that bargain.

"That is why the Eleventh Circuit's heightened pleading burden must be honored." *Holland v. United States*, 2014 WL 5241531 at * 2 (S.D. Ga. Oct. 14, 2014) (explaining that specific, waiver-invalidating facts must be pled, and emphasizing that mere, "I-want-a-do-over" allegations will not suffice). Where that burden is not met, the agreement itself (here the above excerpt, plus Jackson's affirmation of his understanding and acceptance, doc. 256 at 12), plus the absence of any waiver-invalidating allegations (indeed, Jackson does not even *acknowledge* his waiver), stops the § 2255 train. *Id.* Hence, he has waived his *Johnson* claim. Even were he to argue some sort of actual

innocence exception (*i.e.*, *Johnson* applies and invalidates his obstruction conviction, thus neutralizing his enhanced sentence), it would still ultimately fail because the claim remains foreclosed by *Matchett*, 802 F.3d at 1194-95.

Accordingly, Enrico Jackson's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot. Finally, the Probation Department is **DIRECTED** to file the PSR under seal.

**SO REPORTED AND RECOMMENDED** this __28th__ day of June, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA